UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUDITH VICK BURGER,

    Petitioner,

v.                                                                          Case No: 6:11-cv-1845-Orl-22TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

# REPORT AND RECOMMENDATION[1]

Pending before the Court is the Commissioner's Opposed Motion for Entry of Judgment with Remand.  (Doc. 25).  Plaintiff has filed a response in opposition.  (Doc. 26).   Upon due consideration, I **respectfully recommend** that the Court **GRANT** Defendant's motion.

Defendant requests that the Court remand Plaintiff's case to the Commissioner pursuant to 42 U.S.C. § 405(g) because:

> The Commissioner believes remand would be appropriate in this case to have the Appeals Council further consider Plaintiff's mental impairments, including Dr. Veda Vyas's October 9, 2007 opinion, as it pertains to the relevant period, and consider further Plaintiff's maximum residual functional capacity.

Plaintiff does not oppose remand but argues that the Court should remand his suit to an ALJ for a new hearing, and not to the Appeals Council as requested by the Commissioner.  Plaintiff has offered no law to support his argument other than the plain

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

language of § 405(g) which reads in part: the court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for hearing.  42 U.S.C. § 405(g).

Plaintiff contends that this portion of § 405(g) grants the Court the power to bypass the Commissioner's request that the Court remand the case to the Appeals Council and order that an ALJ hear Plaintiff's case.  Plaintiff broadly interprets § 405(g).  The section provides that the ALJ can remand Plaintiff's case for a hearing; it does not state that the Court may remand to specific persons.  Indeed, the Code of Federal Regulations states that when a district court remands a case to the Commissioner for further consideration the Appeals Council acts on behalf of the Commissioner.  20 C.F.R. § 404.983.  The Council may either make a decision or further remand the case to an administrative law judge "with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision."  Id.  Accordingly, the proper channel for action on remand is through the Appeals Council.

Plaintiff cites no case law in support of her argument, and the undersigned has found nothing in his research which would indicate that the Court has the power to direct the Commissioner to hold a new hearing in front of an ALJ in these circumstances.  In the absence of legal authority supporting Plaintiff's interpretation of § 405(g), I respectfully recommend that the Court overrule Plaintiff's opposition and **GRANT** the Commissioner's motion for remand.

Plaintiff also requests that the Court limit the duration of the proceedings on remand to 180 days.  Plaintiff's claim has been ongoing for over six years.  Any

unnecessary delay is prejudicial to Plaintiff, who has already expended a considerable amount of time waiting for her claim to be resolved. Therefore, I respectfully recommend that the Court direct the Commissioner to use his best efforts to resolve Plaintiff's claim within 180 days. (See Doc. 26-3).

Now, I **respectfully recommend** that the Court **GRANT** the Commissioner's Opposed Motion for Entry of Judgment with Remand (Doc. 25) and that this Court enter judgment reversing and remanding this cause to the Commissioner for action consistent with the Commissioner's motion. I further **recommend** that the Commissioner be directed to use his best efforts to resolve this matter within 180 days after remand. This remand, pursuant to sentence four of section 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act. 28 U.S.C. § 2412.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on the 18th day of October, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record