UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUDITH VICK BURGER,

    Plaintiff,

v.                                            Case No. 6:11-cv-1845-ORL-22TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Uncontested Petition for Attorney's Fees. (Doc. 34).   On October 31, 2012, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 30). On November 1, 2012, the Clerk entered Judgment and on November 27, 2012, Plaintiff filed this application for attorney's fees. (Docs. 21 and 34).

Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that Defendant's attorney has been contacted and has no objection to the requested relief.

Plaintiff seeks an award of fees in the amount of $5,549.63 and costs in the amount of $350 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time this proceeding was filed was less than two million dollars. (Id. at 2). The Defendant does not dispute these contentions. The schedule of hours attached to Plaintiff's petition confirms the attorney's claimed hours. (Doc. 34).

Plaintiff has also attached a copy of the assignment of her EAJA fees to her counsel. (Doc. 34-1). In light of the assignment, Plaintiff requests that the payment should be made payable to Plaintiff and delivered to her counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to her counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), I respectfully recommend that the Court **GRANT** Plaintiff's unopposed petition for attorney's fees (Doc. 34) and award attorney's fees in the amount of **$5,549.63** plus **$350** in costs to be paid out of the judgment fund to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

RESPECTFULLY RECOMMENDED in Orlando, Florida, on November 28, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel of Record.

2